UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERIC REDDICK,

    Plaintiff,

v.                                                                                       CASE NO. 6:10-cv-823-Orl-31DAB

STATE OF FLORIDA,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, a pretrial detainee proceeding *pro se*, filed an amended civil rights complaint pursuant to 28 U.S.C. § 1983 (Doc. No. 5). Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

    (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

            (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

            (2)    seeks monetary relief from a defendant who is immune from such relief.

---

[1] This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 1417 (10th Cir. 1996); *see* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Patterson v. Wauwatosa Police Department*, 930 F.Supp. 1293, 1294 (E.D. Wis. 1996). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff alleges that the State of Florida is maliciously prosecuting him. In support of his claim, Plaintiff asserts that Chris Miller, a prosecutor for the State of Florida, is using false evidence against him in violation of his right to due process, and Plaintiff's attorney, Katherine Little, is ignoring his request to have the substance found in his possession tested by a chemist. Finally, Plaintiff contends that no probable cause existed to arrest him. Plaintiff seeks an order from this Court directing the state court to close the criminal case against Plaintiff.

Plaintiff can raise his challenges relating to the prosecution of his criminal case in his state court proceedings. Absent a showing of special circumstances, such as where necessary to prevent immediate and irreparable injury, federal courts should not stay or enjoin pending state court proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). In addition, because declaratory relief "will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was

designed to avoid" federal courts also should not entertain actions for declaratory relief against pending state criminal actions. *Samuels v. Mackell*, 401 U.S. 66, 72 (1971).

Plaintiff has not demonstrated special circumstances warranting this Court's intrusion into the pending state court proceedings. *See Hughes v. The Eleventh Judicial Circuit of Florida*, 377 F.3d 1258, 1262-63 (11th Cir. 2004) (recognizing that federal courts should not interfere with pending state criminal proceedings absent one of the following circumstances: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised). Therefore, it appears that abstention is appropriate as to any claims regarding Plaintiff's pending state criminal charges.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** as frivolous.

2. Any other motions pending in this case are **DENIED** as moot.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida this 16th day of June, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 6/16
Eric Reddick